UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————————————————— x
　　　　　　　　　　　　　　　　　　:　Case No. 2:14-cv-10763
HILDA MESZAROS, Individually and On　:
Behalf of Others Similarly Situated,　　:
　　　　　　　　　　　　　　　　　　:　**CLASS ACTION COMPLAINT**
　　　　　　　　　　　Plaintiff,　　:　**Jury Trial Demanded**
　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　vs.　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
UNITED COLLECTION BUREAU, INC.　:
　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　Defendant.　:
　　　　　　　　　　　　　　　　　　:
———————————————————— x

## NATURE OF ACTION

1.　　This is a class action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2.　　This Court has jurisdiction pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

3.　　Venue is proper before this Court under 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## PARTIES

4.　　Plaintiff Hilda Meszaros ("Plaintiff") is a natural person who at all relevant times resided in Redford Township, Michigan.

5.　　Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

6.     Defendant United Collection Bureau, Inc. ("Defendant") is an Ohio corporation that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8.     Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, medical services (the "Debt").

10.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11.     In connection with the collection of the Debt, Defendant placed a call to Plaintiff's residence on or about September 19, 2013, and at such time, left the following automated voicemail message:

> Hello I'm calling about important personal business.  Please call me back as soon as possible at the following number 866-216-4424.  Again my number is 866-216-4424.  Thank you.  Goodbye.

12.     In connection with the collection of the Debt, Defendant placed a separate call to Plaintiff's residence in October 2013, and at such time, left the following automated voicemail message:

2

> Hello I'm calling about important personal business.  Please call me back as soon as possible at the following number 866-416-3859.  Again my number is 866-416-3859.  Thank you.  Goodbye.

13.     Defendant's voicemail messages failed to notify Plaintiff that the communications were from a debt collector.

14.     Further, Defendant failed to disclose its true corporate and/or business name in the above-referenced voicemail messages.

15.     By failing to disclose its true corporate and/or business name in the above-referenced voicemail messages, and further, by failing to disclose that the communications were from a debt collector, Defendant failed to meaningfully disclose its identity to Plaintiff.

16.     In addition, Defendant contacted Plaintiff directly regarding the Debt, both in the above-referenced voicemails and by letters sent to Plaintiff via U.S. Mail, when Defendant knew, based on previous communications with Plaintiff's counsel, that Plaintiff was represented by counsel with respect to the Debt, and had knowledge of Plaintiff's counsel's name and address.

17.     Plaintiff's counsel never gave Defendant permission to contact Plaintiff directly.

18.     Plaintiff's counsel did not fail to respond within a reasonable period of time to a communication from Defendant.

## CLASS ACTION ALLEGATIONS

19.     Plaintiff bring this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of two Classes consisting of:

### The Disclosure Class

All persons located in the State of Michigan to whom, within one year before the date of this lawsuit, United Collection Bureau, Inc. sent or caused to be sent a voice message/voice recording, in connection with an attempt to collect any purported consumer debt, where the caller failed to identify that she/he was a debt collector and/or failed to identify that he/she was calling to collect a debt and/or failed to disclose that he/she was calling from United Collection Bureau, Inc.

3

## The Contact Class

> All persons located in the State of Michigan who, within one year before the date of this lawsuit, were contacted directly by United Collection Bureau, Inc. after United Collection Bureau, Inc. was notified that such person was represented by counsel.

Excluded from the Classes is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

20.     The proposed classes are so numerous that joinder of all members is impracticable. The exact number of class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery. The proposed classes are ascertainable in that, upon information and belief, the names and addresses of all members of the Classes can be identified in business records maintained by Defendant.

21.     Plaintiff's claims are typical of the claims of the members of the Classes because Plaintiff and all claims of the members of the Classes originate from the same conduct, practice and procedure on the part of Defendant and Plaintiff has suffered the same injuries as each member of the Classes. Plaintiff has retained counsel experienced and competent in class action litigation.

22.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, as the damages suffered by individual members of the Classes may be relatively small, the expense and burden of individual litigation make it impossible for the members of the Classes to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

23.     Issues of law and fact common to the members of the Classes predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the entire Classes.   Among the issues of law and fact common to the Classes are:

a.  Defendant's violations of the FDCPA as alleged herein;

b.  Whether Defendant has a practice and policy of failing to identify its true corporate name in its voicemail messages for consumers;

c.  Whether Defendant has a practice and policy of failing to identify itself as a debt collector calling to collect a debt in its voicemail messages for consumers;

d.  Whether Defendant has a practice and policy of contacting consumers directly after being informed that the consumer is represented by counsel;

e.  the existence of Defendant's identical conduct particular to the matters at issue;

f.  the availability of statutory penalties; and

g.  the availability of attorneys' fees and costs.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692c(a)(2)**
**On Behalf of Plaintiff and the Contact Class**

24.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 – 23.

25.     U.S.C. § 1692c(a)(2) provides:

Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt – (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

26.     Defendant knew as early as December 2012 that Plaintiff was represented by counsel with respect to alleged debts it was attempting to collect from Plaintiff.

27.     Defendant did not have prior consent from Plaintiff or her counsel to contact her directly.

28.     Defendant's repeated telephone calls to Plaintiff, as well as written debt collection letters to Plaintiff, circumvented her counsel in an attempt to collect the Debt, in violation of 15 U.S.C. §1692c(a)(2).

**COUNT II**
**VIOLATION OF 15 U.S.C. § 1692d(6)**
**On Behalf of Plaintiff and the Disclosure Class**

29.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 – 23.

30.     15 U.S.C. §1692d(6) provides:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

*          *          *

(6) except as provided in 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

31.     In the above-described messages, Defendant failed to notify Plaintiff that the communications were from a debt collector calling in an attempt to collect a debt.  Defendant also failed to disclose its true corporate name.

32.     As such, Defendant violated 15 U.S.C. §1692d(6) by failing to provide meaningful disclosure of its identity when placing telephone calls to Plaintiff.

6

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(11)
## On Behalf of Plaintiff and the Disclosure Class

33.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs

1 – 23.

34.     15 U.S.C. §1692e(11) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

                    *        *        *

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

35.     In the above-described messages, Defendant failed to notify Plaintiff that the communications were from a debt collector calling in an attempt to collect a debt.

36.     As such, Defendant violated 15 U.S.C. §1692e(11) by failing to disclose during communications with Plaintiff that the communications were from a debt collector.

**WHEREFORE**, Plaintiff respectfully requests for relief and judgment, as follows:

(a)     Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

(b)     Adjudging and declaring that Defendant violated 15 U.S.C. §1692d(6), 15 U.S.C. §1692e(11), and 15 U.S.C. §1692c(a)(2);

(c)     Awarding Plaintiff and members of the Classes statutory damages pursuant to 15 U.S.C. §1692k in the amount of $1,000.00 per class member;

(d)      Awarding Plaintiff and members of both Classes actual damages sustained as a result of Defendant's violations, pursuant to 15 U.S.C. §1692k;

(e)      Awarding Plaintiff and members of both Classes their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. §1692k;

(f)      Enjoining Defendant from taking any of the violative actions referenced herein with regard to Plaintiff and the Classes;

(g)      Awarding Plaintiff and the Classes any pre-judgment and post-judgment interest as may be allowed under the law; and

(h)      Awarding other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Dated: February 19, 2014

*/s/ Michael L. Greenwald*
**MICHAEL L. GREENWALD**
GREENWALD DAVIDSON PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Telephone: 561.826.5477
Fax: 561.961.5684
mgreenwald@mgjdlaw.com

Counsel for Plaintiff and the Proposed Classes